In the Matter of Mervin B. Glassman, an Attorney, Respondent. Co-ordinating Committee on Discipline of the Association of the Bar of the City of New York et al., Petitioners.

First Department, July 9, 1963.

*Henry Weiner* of counsel (*Daniel J. McMahon* with him on the brief), for petitioners.

*Moses L. Kove* for respondent.

*Per Curiam.* Respondent was admitted to practice in the Second Department in June, 1956. Prior to his admission and continuing thereafter he was employed by one Myron Sparber, an attorney, who has since been disbarred (*Matter of Sparber,* 16 A D 2d 380). While respondent was so employed, Sparber's professional activities had come under the scrutiny of the Co-ordinating Committee on Discipline. As a result several of Sparber's clients had been subpœnaed to testify before the committee relative to the claims made in their behalf in personal injury actions. Sparber induced respondent to meet with these clients and to persuade them to testify falsely before the committee. Respondent was subsequently indicted and ultimately pleaded guilty to the misdemeanor of attempted subornation of perjury.

Since the respondent freely admitted the charges against him, there remains only the question of the measure of the discipline to be applied. In this regard we may exercise our discretion as the conviction of a misdemeanor does not mandate disbarment.

More important than punishment, " [t]he ultimate purpose of disciplinary proceedings is to protect the public in its reliance upon the integrity and responsibility of the legal profession * * * It is not a punishment for breaches committed, but an effort to see to it that the public will not again be exposed

to like or similar infractions. To accomplish this end, an appraisal of the character of the offender is the true guide, but the nature, seriousness and surrounding circumstances of his offense are most significant factors as indicia of what may be expected in the future.'' (*Matter of Nearing,* 16 A D 2d 516, 518.)

The respondent has much in his favor in this proceeding. Both the Co-ordinating Committee and the Referee have found him to be completely frank and co-operative, fully aware of his wrongdoing and genuinely contrite. In addition, it is clear that the respondent was youthful and inexperienced and completely under the domination of his employer when the acts were committed. What he did was done through a mistaken and misguided sense of loyalty and obligation to his employer and not from any thought or hope of personal gain or advantage. It should be noted that both the committee and the Referee cleared him of any complicity in the activities of his employer which led to the latter's conviction and disbarment.

However, the crime he has committed is most serious and involves acts which strike at the basic concepts of justice which respondent has sworn to uphold. In such a case despite the extenuating circumstances the respondent must be disciplined.

The respondent should be suspended for a period of three years.

BOTEIN, P. J., BREITEL, RABIN, STEVENS and STEUER, JJ., concur.

Respondent suspended for a period of three years.