In the Matter of WALTER W. PEGALIS (Admitted as WILLIAM W. PEGALIS), an Attorney, Respondent. ASSOCIATION OF THE BAR OF THE CITY OF NEW YORK, Petitioner.

First Department, July 23, 1968.

*John G. Bonomi* of counsel (*Ronald Eisenman* with him on the brief), for petitioner.

*Julian A. Oshlag* for respondent.

*Per Curiam.* This is a motion to confirm the report of the Referee sustaining charges of professional misconduct against the respondent. Respondent cross-moved for an order disaffirming the report of the Referee.

Respondent was admitted to practice in the Second Judicial Department on March 26, 1958. At the time, he was 47 years of age.

It is charged, in substance, that respondent attorney, during the course of a trial, induced a witness to change a document, which was then offered in evidence. Notice of the change was not given to court or opposing counsel. Respondent's answer admitted the change of the document but contended that the change was harmless and did not pertain to a material issue of the trial. And it is conceded that before the change, on the previous day, respondent had given the document to opposing counsel for inspection; this document was a ledger sheet.

There is no need to emphasize the rudimentary observation that nothing is more calculated to undermine the administration of justice than the change of proffered exhibits by attorneys. In a most basic sense such conduct is highly improper and merits the severest reprehension.

An extenuating circumstance, which suggests that respondent's conduct was an utterly rash and a senseless performance, one not intended to be fraudulent, however improper and wrongful, is the fact that this change was made by respondent *after* he had submitted the ledger sheet in its original form to opposing counsel for scrutiny. And it is represented that never before had respondent acted as trial counsel in civil litigation.

The respondent is now 57 years of age, married, with three children. One son is an attorney at law, another son is in the military service in Vietnam; a daughter is in college.

For 12 years prior to his admission, he was a New York State licensed milk dealer owning and operating his own milk route, making home deliveries from midnight to 7:00 A.M., and effecting his own collections at other hours. Yet, somehow, in the face of insuperable difficulties he managed to attend law school and become a member of the Bar. There is no evidence of any other complaints of any nature, or of any failure on his part to co-operate fully with the grievance committee. The Referee notes that he is contrite, that he recognizes the error he has made and that he is not likely to commit a similar wrong again. Except for this unfortunate incident, respondent appears to have had an exemplary career in a profession, membership wherein he achieved only by extraordinary exertions at a time in life when he was no longer young and burdened with family obligations.

The action of respondent cannot be condoned, and, under ordinary circumstances, would warrant disbarment. However, in view of respondent's prior unblemished record, respondent should be suspended for a period of six months.

STEVENS, J. P., STEUER, TILZER, McGIVERN and RABIN, JJ., concur.

Respondent suspended for a period of six months effective August 23, 1968.