In the Matter of Louis A. Rosen, an Attorney, Respondent. Departmental Disciplinary Committee for the First Judicial Department, Petitioner.

First Department, May 20, 1982

#### APPEARANCES OF COUNSEL

*Michael A. Gentile* for petitioner.

*Louis A. Rosen,* respondent *pro se.*

#### OPINION OF THE COURT

*Per Curiam.*

The Departmental Disciplinary Committee for the First Judicial Department has moved for an order directing such disciplinary action as the court deems warranted.

Respondent was admitted to practice in the First Department on March 31, 1969.

On June 28, 1977, he was found guilty at a jury trial of two counts of attempted subornation of perjury in violation of sections 2A:131-1 and 2A:85-5 of New Jersey Statutes Ann., misdemeanors in New Jersey. On December 1, 1981 he was suspended from the practice of law in New Jersey, where he resides, for three years, effective December 1, ·1981, for violations of DR 1-102 (A) (3), (5), (6) of the Code of Professional Responsibility — engaging in illegal conduct involving moral turpitude, engaging in conduct prejudicial to the administration of justice, and engaging in

conduct that adversely reflects on his fitness to practice law.

Apparently, a client of respondent was charged with criminal assault, and respondent offered to represent the assault victim in a careless driving case arising out of the same incident in exchange for the victim's favorable testimony in the assault case. Respondent also sought to arrange for his client to pay any fine imposed on the victim as the result of the careless driving charge. Respondent defends his conduct as an attempt to resolve a neighborhood dispute, but it is clear from a tape of a telephone conversation between respondent and the victim's father that the resolution would require the tailoring of testimony by the victim.

Respondent partially blames "this catastrophe in [his] career" on his lack of experience in Municipal Court and trial practice in the State of New Jersey. He notes that such was the finding of the Supreme Court of New Jersey Disciplinary Review Board, which had only recommended a one-year suspension to the Supreme Court of New Jersey. He cites, as mitigating considerations, his otherwise unblemished career and record of contribution to civic, religious and charitable organizations.

Respondent's conduct, although it cannot be condoned, appears to have arisen out of a sincere but unprofessional attempt to straighten out a dispute between two neighbors with a minimum of hurt to both sides. Nevertheless, he was convicted of a crime, and engaged in conduct which was violative of the Code of Professional Responsibility, and thus a suspension is warranted.

In light of all the circumstances, including the penalty imposed in New Jersey, we find that respondent should be suspended from the practice of law in New York for three years and until further order of this court, effective December 1, 1981.

Murphy P. J., Sullivan, Lupiano, Bloom and Fein, JJ., concur.

Respondent suspended from practice as an attorney and counselor at law in the State of New York for a period of

three years, effective December 1, 1981, and until the further order of this court.