(November 25, 1991)

■ In the Matter of MICHAEL P. BARRETT, an Attorney, Respondent. COMMITTEE ON PROFESSIONAL STANDARDS, THIRD JUDICIAL DEPARTMENT, Petitioner.—Per Curiam. Respondent was admitted to practice by this court in 1985 and maintains an office for the practice of law in the City of Troy.

Petitioner, the Committee on Professional Standards, based upon respondent's convictions of the misdemeanor offenses of conspiracy in the fifth degree (Penal Law § 105.05) and making an apparently sworn false statement (Penal Law § 210.35), moves for an order suspending respondent pursuant to Judiciary Law § 90 (4) (f) until such time as a final disciplinary order shall be entered pursuant to Judiciary Law § 90 (4) (g). Respondent opposes the motion and requests a hearing pursuant to Judiciary Law § 90 (4) (h).

On September 24, 1991, respondent pleaded guilty to the above-referenced misdemeanors in satisfaction of a multicount indictment in Rensselaer County Court. The charges against respondent arose out of his participation in a scheme to persuade a victim in a rape case to recant her accusation in return for a payment of $3,000. It appears that the conspiracy was conducted, at least partially, in respondent's law office; that a payment of $1,500 was made; and that the sworn statement of the victim recanting her accusation of rape was

drafted and notarized by respondent and delivered by him to the Troy Police Court Judge. Respondent was sentenced to three years' probation on November 8, 1991.

Pursuant to Judiciary Law § 90 (4) (f), an attorney convicted of a "serious crime" shall be suspended upon receipt of the record of conviction until a final order of suspension, censure or removal is made. Such interim suspension may be set aside by this Court upon good cause shown "when it appears consistent with the maintenance of the integrity and honor of the profession, the protection of the public and the interest of justice". Respondent does not dispute that he was convicted of a serious crime as defined by statute (Judiciary Law § 90 [4] [d]).

We conclude that allowing respondent to continue to practice prior to the imposition of a final disciplinary sanction would not be "consistent with the maintenance of the integrity and honor of the profession" or the "interest of justice" (Judiciary Law § 90 [4] [f]). Respondent's crimes strike at the heart of the administration of justice by encouraging false testimony and are especially reprehensible when committed by an attorney *(see, e.g., Matter of Pegalis,* 30 AD2d 390, 391, *affd* 23 NY2d 993; *Matter of Glassman,* 19 AD2d 146, 147). Also, suspensions or disbarments have been imposed for similar professional misconduct, even when sympathetic mitigating factors were present *(see, e.g., Matter of Dondi,* 95 AD2d 349, *revd on other grounds* 63 NY2d 331; *Matter of Rosen,* 87 AD2d 229; *Matter of Glassman, supra).* Insofar as the mitigating factors cited by respondent address the validity of his plea of guilty or question his guilt of the crimes for which he has been convicted, we do not consider them because such issues may not be relitigated in the context of a disciplinary proceeding *(see, Matter of Levy,* 37 NY2d 279, 281; *Matter of Fisher,* 105 AD2d 452).

We therefore grant petitioner's motion for an interim suspension. Pursuant to Judiciary Law § 90 (4) (h), the matter is referred to a Referee for hearing, report and recommendation.

Mikoll, J. P., Yesawich Jr., Levine, Mercure and Crew III, JJ., concur. Ordered that respondent is hereby suspended from the practice of law, effective December 13, 1991 and until such time as a final order of suspension, censure or removal is made pursuant to Judiciary Law § 90 (4) (g); and it is further ordered that for the period of suspension respondent be and hereby is commanded to desist and refrain from the practice of law in any form either as principal or agent, or as clerk or employee of another; and he hereby is forbidden to appear as

an attorney or counselor at law before any court, Judge, Justice, board, commission or public authority or to give to another any opinion as to the law or its application, or any advice with relation thereto; and it is further ordered that this matter be referred to the Hon. Morton M. Z. Lynn, retired Albany City Court Judge, for hearing, report and recommendation in accordance with section 90 (subd 4, par h) of the Judiciary Law, and it is further ordered that the evidence either party desires to submit herein shall be presented before the Referee assigned, and that evidence of mitigating circumstances and good character may be in the form of affidavit or testimony; and it is further ordered that the hearings shall be held at a place or places in New York State to be designated by the Judge assigned after giving consideration to the convenience of the witnesses; and it is further ordered that the hearing shall commence on a date to be fixed by the Referee, but not later than 40 days from the date hereof; that the hearing shall be concluded within 30 days from the date of commencement; that the hearing transcript shall be completed and delivered to petitioner's attorney within 30 days of the date of the last hearing; that the report and recommendation of the Referee assigned shall be filed within 30 days of the submission to him of the hearing transcript and petitioner's proposed findings of fact; and that petitioner shall bring on a motion to confirm or disaffirm said report within 30 days of receipt of a copy thereof.