■ In the Matter of MICHAEL P. BARRETT, a Suspended Attorney, Respondent. COMMITTEE ON PROFESSIONAL STANDARDS, THIRD JUDICIAL DEPARTMENT, Petitioner.—Per Curiam. Respondent was admitted to practice by this Court in 1985 and, prior to his suspension, maintained an office for the practice of law in the City of Troy.

By decision dated November 25, 1991, we suspended respondent pursuant to Judiciary Law § 90 (4) (f) upon his conviction by plea of guilty to the misdemeanor offenses of conspiracy in the fifth degree (Penal Law § 105.05) and making an apparently sworn false statement (Penal Law § 210.35). On November 8, 1991, respondent was sentenced in Rensselaer County Court to concurrent three-year probationary terms on each of his convictions. After a hearing in accordance with Judiciary Law § 90 (4) (h), the Referee appointed by this court issued a report recommending that respondent's suspension "be made permanent". Petitioner Committee on Professional Standards now moves to confirm the Referee's report.

Respondent's convictions stem from the following facts. In early August 1987, Shelly Jo McClure gave the City of Troy police a sworn deposition accusing her stepfather of rape. Her natural mother, Donna Williams, then set out to protect the stepfather by concocting a scheme to pay Shelly Jo $3,000 to withdraw the charges. She involved respondent in the scheme in late August. Thereafter, in two meetings at respondent's Troy law office on August 31 and September 2, 1987, respondent played a substantial role in persuading Shelly Jo to go along with the scheme and in executing it. Most importantly, it is apparent from respondent's plea allocution of September 24, 1991 and from cassette recordings made of the meetings, that Shelly Jo communicated her belief at the meetings that her original rape accusation was true and that her statement withdrawing the charge would be false. The meetings were attended by respondent, Donna Williams, Shelly Jo, and Shelly Jo's friend, Jeffrey Snyder. Respondent's role is exemplified by various actions. At the August 31 meeting, respondent drafted a written agreement between Donna Williams and Shelly Jo in which they agreed to the recantation-for-money plan; they signed the agreement in respondent's presence on August 31, and he notarized it. The August 31 meeting did not result in the execution of a recanting statement. Between the August 31 and September 2 meetings, respondent held $1,500 which was to be given to Shelly Jo after she signed a written statement recanting the rape accusation. The other $1,500 was to be paid to her after the charges against her stepfather were officially dropped. The September 2 meeting did result in the execution of a signed written recanting statement by Shelly Jo, which was drafted and notarized by respondent. Respondent handed the $1,500 to Donna Williams who handed it to her daughter. Respondent personally took the recanting statement to the City of Troy Police Court and presented it to Judge Patrick McGrath; respondent did not tell the Judge about the $1,500 payment. A warrant for the stepfather's arrest was cancelled on the strength of the September 2, 1987 statement signed in respondent's office.

Respondent was arraigned in the fall of 1987 on the charges eventually resulting in his convictions. He successfully challenged the original indictment *(People v Barrett,* 73 NY2d 84) but unsuccessfully sought, on the resubmitted indictment, to prohibit the County Judge from disqualifying his attorney because of a conflict of interest *(Matter of Barrett v Vogt,* 170 AD2d 860).

A number of aggravating factors appear to have persuaded the Referee to recommend the imposition of a substantial sanction, including respondent's equivocal recognition of the culpability of his conduct. While respondent testified he knew his conduct was wrong, he also testified that he was convinced in 1987 "and remains convinced now—that it was not illegal". In this regard, the Referee observed that "one does not have to be an experienced lawyer to know that there is something inherently wrong in having a part in making a false affidavit to present to a court." The Referee also questioned respondent's candor in several respects. Respondent's description of his disciplinary record and assertion of a prompt response to other inquiries by petitioner seem at odds with the contents of a letter of caution petitioner issued to respondent on October 10, 1991. Also, in an effort to emphasize his relative inexperience as an attorney when he became involved in the 1987 criminal scheme, respondent appears to have slightly understated his years of practice in an affidavit submitted in opposition to petitioner's interim suspension motion. Perhaps most importantly, respondent testified at the hearing that, according to his present recollection, Shelly Jo did not tell him that her rape accusation was true at the first meeting in his office on August 31, 1987 or, alternatively, that when and if she told him her original statement was true she may have been referring to incidents of harassment rather than rape. Respondent retreated from these recollections when petitioner's counsel confronted him with apparently contradictory statements from his plea allocation and the cassette recordings of the meetings.

As aggravating factors, we also reaffirm the observation made in our prior decision suspending respondent that, "[r]espondent's crimes strike at the heart of the administration of justice by encouraging false testimony and are especially reprehensible when committed by an attorney". We also noted that "suspensions or disbarments have been imposed for similar professional misconduct, even when sympathetic mitigating factors were present [citing *Matter of Dondi,* 95 AD2d 349, *revd on other grounds* 63 NY2d 331; *Matter of Rosen,* 87 AD2d 229; *Matter of Glassman,* 19 AD2d 146]".

Respondent has presented some mitigating factors which have been considered by the Court. Several Capital District attorneys have submitted laudatory letters on respondent's behalf which, at a minimum, characterize his criminal convictions as stemming from aberrant behavior rather than a character flaw or a discernible pattern of misconduct. Second,

it does not appear that respondent's misconduct was motivated by personal enrichment or similar venal considerations. Finally, due to the widespread publicity generated by his case, we are aware that respondent and his family have already suffered humiliation and economic harm because of his misconduct.

Upon considering all of the circumstances presented, and in order to protect the public, deter similar misconduct, and preserve the reputation of the Bar, we conclude that petitioner's motion to confirm the Referee's report should be granted, except as to the sanction recommended therein, and that respondent should be suspended from the practice of law for a period of five years, *nunc pro tunc* to December 13, 1991, the effective date of the interim suspension imposed by our prior decision.

Mikoll, J. P., Yesawich Jr., Levine, Mercure and Crew III, JJ., concur. Ordered that, petitioner's motion to confirm the Referee's report is granted, except as to the sanction recommended therein; and it is further ordered, that Michael P. Barrett be and hereby is suspended as an attorney and counselor-at-law in the State of New York for a period of five years, *nunc pro tunc* as of December 13, 1991, and until further order of this court, and it is further ordered, that for the period of suspension respondent be and hereby is commanded to desist and refrain from the practice of law in any form either as principal or agent, or as clerk or employee of another; and he hereby is forbidden to appear as an attorney or counselor-at-law before any court, Judge, Justice, board, commission or other public authority or to give to another any opinion as to the law or its application, or any advice with relation thereto; and it is further ordered, that respondent shall comply with the provisions of section 806.9 of the rules of this court (22 NYCRR 806.9) regulating the conduct of disbarred, suspended or resigned attorneys.