[609 NYS2d 675]

In the Matter of MICHAEL D. McCLURE, an Attorney, Respondent. GRIEVANCE COMMITTEE FOR THE NINTH JUDICIAL DISTRICT, Petitioner.

Second Department, April 11, 1994

## APPEARANCES OF COUNSEL

*Gary L. Casella,* White Plains *(Maryann Yanarella* of counsel), for petitioner.

*McPhillips, Fitzgerald & Meyer,* Glens Falls *(James E. Cullum* of counsel), for respondent.

**OPINION OF THE COURT**

Per Curiam.

In this proceeding, the respondent is charged with six allegations of professional misconduct. The Special Referee sustained Charges One, Two, Four and Five and did not sustain Charges Three and Six. The petitioner now moves to confirm the Special Referee's report to the extent that Charges One, Two, Four and Five were sustained and to disaffirm to the extent that Charges Three and Six were not sustained. The respondent cross-moves to confirm the findings of the Special Referee and to impose such discipline upon the respondent as the Court deems just and proper.

Charge One alleged that the respondent engaged in conduct involving dishonesty, fraud, deceit or misrepresentation, and/or conduct which adversely reflects on his fitness to practice law by converting funds that were entrusted to him to be held in escrow. In or about November 1988 the respondent was retained to represent the seller in the sale of property in Wappingers Falls. On or about November 18, 1988, the respondent received a down payment check in the sum of $7,390, drawn by the purchaser and made payable to Michael D. McClure as attorney. On or about December 6, 1988, the respondent deposited this check into his attorney escrow account at Norstar Bank.

At all times between December 6, 1988 and March 24, 1989, the respondent was required to be holding $7,390 pending the closing of title. On or about January 11, 1989, the balance in the respondent's escrow account fell to $2,651.21.

Charge Two alleged that the respondent converted funds that were entrusted to him to be held in escrow. The respondent appeared at the Grievance Committee's offices to testify regarding complaints of professional misconduct which had been filed against him. During the course of that appearance, the respondent produced checks made payable to himself or to third parties, which the respondent identified as the withdrawal of funds from his escrow account at Norstar Bank, to be used for personal purposes. The respondent produced six checks in the amount of $5,300. The respondent knew or should have known that these checks were drawn against

clients' funds on deposit in his escrow account with which he had been entrusted.

Charge Three alleged that, commencing prior to November 15, 1988, and continuing through October 11, 1991, the respondent commingled clients' and personal funds in his escrow account.

Charge Four alleged that the respondent failed to pay to clients and third parties funds to which they are entitled and failed to account for clients' and third parties' funds. During the interval prior to November 15, 1988, and continuing through October 11, 1991, clients' and third parties' funds entrusted to the respondent were on deposit in his interest-bearing escrow account. Funds in that account earned interest on a monthly basis. The interest earned on the respondent's escrow account was $922.17 for 1988, $1,106.42 for 1989, $342.65 for 1990, and at least $90.77 for 1991. Although the clients and third parties whose funds earned interest were entitled to its receipt, the respondent failed to pay the interest or to account therefor.

Charge Five alleged that the respondent failed to maintain the required books and records for his escrow account pursuant to Code of Professional Responsibility DR 9-102 (D) and (I) (22 NYCRR 1200.46 [d], [i]). The respondent failed to maintain records specifically identifying the date, source and description of each item deposited, as well as the date, payee, and purpose of each withdrawal or disbursement. Additionally, the respondent failed to maintain for his escrow account a record showing the source of all funds deposited therein, the names of all persons for whom the funds were held, the amount of such funds, the description and amounts, and the names of all persons to whom such funds were disbursed.

Upon a review of the evidence adduced and the respondent's admissions, we conclude that Charges One through Five should have been sustained. The petitioner's motion to confirm in part and disaffirm in part is granted to that extent and denied to the extent that Charge Six is not sustained. The respondent's cross motion to confirm is granted to the extent that Charges One, Two, Four, and Five are sustained and Charge Six is not sustained and is denied to the extent that Charge Three is sustained.

In determining an appropriate measure of discipline to impose, we have considered the mitigating factors advanced by the respondent, including the tremendous pressures with

which he was beset and the fact that all of the money misused from his escrow account was completely replaced. The respondent is, nevertheless, guilty of serious professional misconduct. Moreover, the respondent received an admonition, dated January 7, 1987, for improperly deducting his legal fee from an escrow deposit. It is, therefore, the decision of this Court that the respondent be suspended from the practice of law for a period of five years.

MANGANO, P. J., THOMPSON, BRACKEN, SULLIVAN and JOY, JJ., concur.

Ordered that the petitioner's motion to confirm in part and disaffirm in part the report of the Special Referee is granted to the extent that Charges One through Five are sustained, and is otherwise denied; and it is further,

Ordered that the respondent's cross motion to confirm is granted only to the extent that Charges One, Two, Four and Five are sustained and Charge Six is not sustained, and is otherwise denied; and it is further,

Ordered that the respondent, Michael D. McClure, is suspended from the practice of law for a period of five years, commencing May 11, 1994, and continuing until the further order of this Court, with leave to the respondent to apply for reinstatement no sooner than six months prior to the expiration of the said period of five years upon furnishing satisfactory proof (a) that during the said period he refrained from practicing or attempting to practice law, (b) that he has fully complied with this order and with the terms and provisions of the written rules governing the conduct of disbarred, suspended and resigned attorneys (22 NYCRR 691.10), and (c) that he has otherwise properly conducted himself; and it is further,

Ordered that pursuant to Judiciary Law § 90, during the period of suspension and until the further order of this Court, the respondent, Michael D. McClure, shall desist and refrain (1) from practicing law in any form, either as principal or agent, clerk or employee of another, (2) from appearing as an attorney or counselor-at-law before any court, Judge, Justice, board, commission or other public authority, (3) from giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) from holding himself out in any way as an attorney and counselor-at-law.