(May 17, 1994)

■ In the Matter of MICHAEL D. McCLURE, an Attorney, Respondent. COMMITTEE ON PROFESSIONAL STANDARDS, THIRD JUDICIAL DEPARTMENT, Petitioner. [612 NYS2d 265] —Per Curiam. Respondent was admitted to practice by this Court on June 22, 1984. He resides in Brant Lake, Warren County.

By petition dated January 13, 1994, the Committee on Professional Standards accuses respondent of violating various disciplinary rules while prosecuting a 20 year old woman on misdemeanor charges. According to the petition, respondent created a conflict of interest in violation of the Code of Professional Responsibility DR 1-102 (A) (5) and (8) and DR 5-101 (A), by engaging in sexual relations with this woman on two occasions (charge I); engaged in illegal conduct and conduct involving moral turpitude in violation of DR 1-102 (A) (3) and (5) by providing beer to the woman on one occasion although she was under the legal age to possess alcoholic beverages (charge II); and communicated directly with her while she was represented by a lawyer on the subject of the representation, in violation of DR 1-102 (A) (5) and (8) and DR

7-104 (A) (1), without the lawyer's consent and without other authorization by law (charge III).

Respondent has not answered the petition and petitioner moves for a default judgment. Respondent has not appeared upon or otherwise replied to the motion. Petitioner has filed proof by affidavit of (1) service of the petition and the default judgment motion upon respondent; and (2) the facts constituting the alleged misconduct. Under such circumstances, respondent is deemed to have admitted the charges as specified, petitioner's motion is granted (see, Matter of Schlesinger, 201 AD2d 751) and we find respondent guilty of the charged professional misconduct.

By engaging in sexual relations with a criminal defendant while prosecuting her, respondent created a conflict of interest between his duty to prosecute impartially and seek justice on behalf of the people of Warren County and his personal interests (see, e.g., EC 7-13; Matter of Bowen, 150 AD2d 905, motion for leave to appeal denied 74 NY2d 610). Respondent has debased his office, betrayed a public trust, and placed his personal interests above professional ethics.

It is noted that respondent was recently suspended for five years by the Appellate Division, Second Department, upon a finding that he intentionally converted escrow funds and engaged in other escrow account improprieties (Matter of McClure, 196 AD2d 342).

Under all of the circumstances and in order to protect public interest, we conclude that respondent should be disbarred.

White, J. P., Casey, Weiss, Yesawich Jr. and Peters, JJ., concur. Ordered that petitioner's motion for a default judgment is hereby granted; and it is further ordered that respondent is hereby found guilty of the professional misconduct as charged and specified in the petition; and it is further ordered that respondent, Michael D. McClure, be and hereby is disbarred and his name is stricken from the roll of attorneys and counselors-at-law in the State of New York, effective immediately; and it is further ordered that respondent be and hereby is commanded to desist and refrain from the practice of law in any form, either as principal or as an agent, clerk or employee of another; and he hereby is forbidden to appear as attorney and counselor-at-law before any court, Judge, Justice, board, commission or other public authority or to give to another an opinion as to the law or its application, or of any advice in relation thereto; and it is further ordered that respondent

shall comply with the provisions of section 806.9 (22 NYCRR 806.9) of the rules of this Court regulating the conduct of disbarred, suspended or resigned attorneys.