■ In the Matter of Jeffrey T. Canale, an Attorney and Counselor-at-Law, Respondent. Committee on Professional Standards, Third Judicial Department, Petitioner. [620 NYS2d 1013] —Per Curiam. Respondent was admitted to practice by this Court in 1984 and maintains an office for the practice of law in Albany County.

By petition dated March 11, 1994, the Committee on Professional Standards charged respondent with violation of the Code of Professional Responsibility DR 1-102 (A) (3), (5) and (7) (22 NYCRR 1200 [a] [3], [5], [7]), by engaging in illegal conduct involving moral turpitude, conduct prejudicial to the administration of justice, and conduct adversely reflecting on his fitness to practice law. At a time when respondent was having alcohol, substance abuse and psychological problems, he was arrested in New Hampshire on various charges including

possession of cocaine. Respondent pleaded guilty to operating a vehicle knowing that it contained a controlled drug. He received a one year suspended sentence and a $200 fine. Petitioner has withdrawn the charge of conduct prejudicial to the administration of justice. Respondent admits that his behavior adversely reflected on his fitness to practice law. We sustain the charge that respondent engaged in illegal conduct involving moral turpitude (see, e.g., Matter of McClure, 204 AD2d 853; Code of Professional Responsibility EC 1-5; Black's Law Dictionary 1008-1009 [6th ed 1990] [definition of "moral turpitude"]).

Since his arrest, respondent has apparently taken effective steps to deal with his problems. He has, for example, agreed to participate in the Attorney Sobriety Monitoring Program sponsored by the New York State Bar Association. Respondent currently practices law on a limited basis out of his apartment.

We conclude that to preserve the reputation of the Bar and to protect the public, respondent should be placed on indefinite suspension from the practice of law; however, we stay the suspension conditioned upon his continued participation in the State Bar's Attorney Sobriety Monitoring Program. Respondent may apply to terminate the suspension after one year from the date of this decision. A copy of such application shall be served upon petitioner, which shall inquire into the merits of, and may be heard upon, the application.

Cardona, P. J., Crew III, White and Casey, JJ., concur. Ordered that the Referee's report is hereby confirmed and respondent is hereby found guilty of illegal conduct involving moral turpitude and conduct adversely reflecting on his fitness to practice law; and it is further ordered that respondent is hereby indefinitely suspended from the practice of law, effective immediately, which suspension is hereby stayed upon condition respondent continues his participation in the Attorney Sobriety Monitoring Program sponsored by the New York State Bar Association; and it is further ordered that respondent may apply to terminate the suspension after one year from the date of this order, which application shall be served upon petitioner, which shall inquire into the merits of, and may be heard upon, such application.