(October 17, 1997)

■ In the Matter of JEFFREY T. CANALE, an Attorney, Respondent. COMMITTEE ON PROFESSIONAL STANDARDS, Petitioner. [663 NYS2d 364] —Per Curiam. Respondent was admitted by this Court in 1984 and maintains an office for the practice of law in

Glens Falls. In 1994, respondent was placed on indefinite suspension with the suspension being stayed upon condition (209 AD2d 816).

On August 28, 1997, respondent was convicted in Warren County Court on count two of an indictment charging him with the misdemeanor crime of conspiracy in the fifth degree (Penal Law § 105.05 [1]). The count alleged that respondent conspired with one Edwin Dalston to falsely swear in a custody proceeding and that Dalston made a payment to respondent for such false testimony.

Petitioner, the Committee on Professional Standards, moves for an order suspending respondent from practice pursuant to Judiciary Law § 90 (4) (f) until such time as a final disciplinary order may be made pursuant to Judiciary Law § 90 (4) (g). Respondent opposes the motion.

Respondent has been convicted of a serious crime as that term is defined in Judiciary Law § 90 (4) (d). An attorney convicted of a serious crime shall be suspended but "[u]pon good cause shown" this Court may "set aside such suspension when it appears consistent with the maintenance of the integrity and honor of the profession, the protection of the public and the interest of justice" (Judiciary Law § 90 [4] [f]). Under the circumstances presented, we deny respondent's request to set aside the suspension (*see, e.g., Matter of Barrett*, 177 AD2d 850), grant petitioner's motion, and direct respondent's suspension from practice, effective immediately. We also direct respondent to show cause why a final disciplinary order should not be made pursuant to Judiciary Law § 90 (4) (g).

Cardona, P. J., White, Casey, Spain and Carpinello, JJ., concur. Ordered that petitioner's motion is granted and respondent's request to set aside the suspension is denied; and it is further ordered that respondent is suspended from the practice of law, effective immediately, until such time as a final disciplinary order is made pursuant to Judiciary Law § 90 (4) (g); and it is further ordered that, for the period of suspension, respondent is commanded to desist and refrain from the practice of law in any form, either as principal or as agent, clerk or employee of another; and respondent is forbidden to appear as an attorney or counselor-at-law before any court, Judge, Justice, board, commission or other public authority, or to give to another an opinion as to the law or its application, or any advice in relation thereto; and it is further ordered that respondent is directed to show cause before this Court, on a date and on terms to be fixed by the Clerk, why a final order of suspension, censure or removal from office should not be made

pursuant to Judiciary Law § 90 (4) (g); and it is further ordered that respondent shall comply with the provisions of section 806.9 (22 NYCRR 806.9) of this Court's rules regulating the conduct of suspended attorneys.