■ In the Matter of JEFFREY T. CANALE, a Suspended Attorney, Respondent. COMMITTEE ON PROFESSIONAL STANDARDS, Petitioner. [667 NYS2d 830] —Per Curiam. Respondent was admitted to practice by this Court in 1984. He has practiced in Albany and more recently in Lake Placid and Glens Falls, New York.

In August 1997, respondent was convicted following a nonjury trial in Warren County of conspiracy in the fifth degree, in violation of Penal Law § 105.05 (1), a class A misdemeanor. The indictment alleged that respondent was paid by one Edwin Dalston to give false testimony in a custody proceeding. Respondent was sentenced on October 31, 1997 to three years probation.

By decision entered October 17, 1997, we suspended respon-

dent upon his conviction of a serious crime until such time as a final disciplinary order was made (*see,* Judiciary Law § 90 [4]; *Matter of Canale,* 243 AD2d 917) and directed respondent to show cause why such a final order should not be entered. In response, respondent seeks to postpone imposition of final discipline pending disposition of his criminal appeal. He has submitted a statement in mitigation from his psychiatrist outlining his efforts to overcome his psychological and addiction problems and providing a favorable prognosis.

We find respondent's arguments unpersuasive. Neither his present situation nor his confidence in the success of his appeal warrants delay in the imposition of a final disciplinary order.

In determining an appropriate sanction, we note the serious nature of respondent's crime (*see, e.g., Matter of Barrett,* 183 AD2d 1076) and his prior disciplinary history. In November 1994, we sustained charges that he violated provisions of the Code of Professional Responsibility by engaging in illegal conduct involving moral turpitude (*see,* Code of Professional Responsibility DR 1-102 [A] [3] [22 NYCRR 1200.3 (A) (3)]) and conduct adversely reflecting on his fitness to practice law (*see,* Code of Professional Responsibility DR 1-102 [A] [8] [22 NYCRR 1200.3 (A) (8)]; *see, Matter of Canale,* 209 AD2d 816). At that time, we placed respondent on indefinite suspension, but stayed the suspension conditioned upon respondent's continued participation in the New York State Bar Association's Attorney Sobriety Monitoring Program. The suspension order permitted respondent to apply for termination of the suspension after one year. In March 1996, we denied respondent's motion to vacate the stayed suspension.

In view of all the circumstances, and in order to protect the public, deter similar misconduct, and preserve the reputation of the Bar, we conclude that respondent should be suspended from practice for a period of two years, effective immediately.

Cardona, P. J., White, Spain, and Carpinello, JJ., concur. Ordered that respondent is suspended from the practice of law for a period of two years, effective immediately, and until further order of this Court; and it is further ordered that, for the period of suspension, respondent is commanded to desist and refrain from the practice of law in any form, either as principal or as agent, clerk or employee of another; and respondent is forbidden to appear as attorney or counselor-at-law before any court, Judge, Justice, board, commission or other public authority, or to give to another an opinion as to the law or its application, or any advice in relation thereto; and it is further ordered

that respondent shall comply with the provisions of section 806.9 (22 NYCRR 806.9) of the rules of this Court regulating the conduct of disbarred, suspended or resigned attorneys.