(April 4, 1997)

■ In the Matter of KEVIN W. NAGODA, an Attorney, Respondent. COMMITTEE ON PROFESSIONAL STANDARDS, Petitioner. [656 NYS2d 694] —Per Curiam. Respondent was admitted to practice by this Court in 1986. He is employed as an attorney in Kingston, Ulster County. Until May 1996, he maintained a law office in his home in Forestburgh, Sullivan County.

Petitioner, the Committee on Professional Standards, moves for an order pursuant to section 806.4 (b) of this Court's rules (22 NYCRR 806.4 [b]) suspending respondent from practice pending his compliance with a subpoena duces tecum dated November 18, 1996. Respondent did appear for an examination under oath before petitioner on December 19, 1996, pursuant to the subpoena, but he has not yet produced bank records as directed by the subpoena, despite repeated requests and warnings from petitioner. Respondent has offered reasons for his delay but they do not excuse continued noncompliance. Under such circumstances, we exercise our discretion and grant petitioner's motion to suspend respondent pending compliance with the subpoena duces tecum, effective 20 days from the date of this decision (*see, e.g., Matter of Roberts*, 224 AD2d 801; *Matter of Lyons*, 194 AD2d 993).

Mercure, J. P., Crew III, White, Spain and Carpinello, JJ.,

concur. Ordered that petitioner's motion to suspend respondent pending his full compliance with the subpoena duces tecum dated November 18, 1996, be and hereby is granted; and it is further ordered that respondent be and hereby is suspended from the practice of law, effective 20 days from the date of this order, pending his full compliance with the subpoena duces tecum dated November 18, 1996, and until further order of this Court; and it is further ordered that for the period of suspension respondent be and hereby is commanded to desist and refrain from the practice of law in any form either as principal or as agent, clerk or employee of another; and he hereby is forbidden to appear as an attorney or counselor-at-law before any court, Judge, Justice, board, commission or other public authority or to give to another any opinion as to the law or its application, or any advice in relation thereto; and it is further ordered that respondent shall comply with the provisions of section 806.9 of the rules of this Court (22 NYCRR 806.9) regulating the conduct of suspended attorneys.