(July 8, 1997)

■ In the Matter of KEVIN W. NAGODA, an Attorney, Respondent. COMMITTEE ON PROFESSIONAL STANDARDS, Petitioner. [660

NYS2d 83] —Per Curiam. By decision dated April 4, 1997, respondent was suspended from practice pending his compliance with a subpoena duces tecum issued pursuant to section 806.4 (e) (22 NYCRR 806.4 [e]) of this Court's rules (*Matter of Nagoda*, 238 AD2d 667). Respondent now moves to vacate the suspension and for reinstatement to practice on the ground that he has fully complied with the subpoena. Petitioner, the Committee on Professional Standards, moves to suspend respondent from practice pending consideration of disciplinary charges against him (*see*, 22 NYCRR 806.4 [f]).

Petitioner acknowledges respondent's compliance with the subpoena but, in support of its motion, submits uncontroverted evidence and cites admissions by respondent that he deposited a settlement check into his attorney operating account and delayed in remitting the client's share of the settlement moneys to the client; issued checks payable to cash and for personal purposes on his attorney escrow account; incurred substantial negative balances in the escrow account; and neglected to commence a foreclosure action on behalf of a client and then failed to refund the client's retainer. Respondent closed his law office in May 1996 and closed his attorney operating and escrow accounts later that summer. He has since limited his practice to employment as corporate counsel for two companies.

Under the circumstances presented, we do not find that respondent is "guilty of professional misconduct immediately threatening the public interest," which is a prerequisite to suspension pending consideration of disciplinary charges (22 NYCRR 806.4 [f] [1]), and we therefore deny petitioner's motion. Respondent's motion is granted only to the extent of authorizing him to continue his employment as corporate counsel for F & K Supply, Inc., and Sawhorse Lumber & More, Inc., and upon condition that, within twenty (20) days of the date of this decision, respondent submit proof to petitioner of his compliance with an agreement contained in an August 30, 1996, letter to petitioner wherein respondent agreed to refund a $2,000 retainer and return documents to the clients whose foreclosure matter he had neglected.

Mercure, J. P., Crew III, White, Spain and Carpinello, JJ., concur. Ordered that petitioner's motion to suspend respondent pending consideration of disciplinary charges against him is denied; and it is further ordered that respondent's motion to vacate the suspension order dated April 4, 1997, and to reinstate him to practice, is granted only to the extent and on the condition stated in the within decision.