(April 14, 1998)

■ In the Matter of KEVIN W. NAGODA, an Attorney, Respondent. COMMITTEE ON PROFESSIONAL STANDARDS, Petitioner. [671

NYS2d 769] —Per Curiam. Respondent was admitted to practice by this Court in 1986 and is currently employed as a corporate counsel in Kingston.

Petitioner, the Committee on Professional Standards, has charged, and respondent has admitted, various violations of the Code of Professional Responsibility (*see*, 22 NYCRR part 1200). Respondent neglected to commence a mortgage foreclosure action on behalf of clients who paid him a $2,000 retainer (*see*, Code of Professional Responsibility DR 6-101 [A] [3] [22 NYCRR 1200.30 (a) (3)]), failed to return their phone calls (*see*, Code of Professional Responsibility DR 1-102 [A] [5] [22 NYCRR 1200.3 (a) (5)]) and did not refund the retainer, despite his agreement to do so, until directed by this Court (*see*, Code of Professional Responsibility DR 1-102 [A] [5], [8]; 2-110 [A] [2] [22 NYCRR 1200.3 (a) (5), (8); 1200.15 (a) (2)]). In connection with this matter, respondent sent petitioner a misleading fax concerning his intention to fulfill his agreement with the clients (*see*, Code of Professional Responsibility DR 1-102 [A] [4], [5], [8] [22 NYCRR 1200.3 (a) (4), (5), (8)]).

Respondent was retained by another client for a personal injury matter on a contingent fee basis. He failed to furnish this client with writings which explained the method used to calculate the contingent fee and relate the outcome of the matter (*see*, Code of Professional Responsibility DR 1-102 [A] [5]; 2-106 [D] [22 NYCRR 1200.3 (a) (5); 1200.11 (d)]). Furthermore, he delayed remittance of the client's share of the settlement proceeds until the client complained to petitioner (*see*, Code of Professional Responsibility DR 1-102 [A] [5]; 9-102 [c] [22 NYCRR 1200.3 (a) (5); 1200.46 (c)]). Additionally, respondent converted the client's funds by depositing a settlement check for $1,500 into his law firm operating account and expended the funds for personal purposes (*see*, Code of Professional Responsibility DR 1-102 [A] [5], [8]; 9-102 [22 NYCRR 1200.3 (a) (5), (8); 1200.46]).

Respondent also converted escrow account funds by issuing checks payable to cash for personal expenses and by incurring substantial negative balances and overdraft charges on that account (*see*, Code of Professional Responsibility DR 1-102 [A] [5], [8]; 9-102 [22 NYCRR 1200.3 (a) (5), (8); 1200.46]). He also failed to maintain proper records of his transactions for that account (*see*, Code of Professional Responsibility DR 1-102 [A] [5], [8]; 9-102 [C], [D] [22 NYCRR 1200.3 (a) (5), (8); 1200.46 (c), (d)]). Finally, respondent failed to cooperate with petitioner (*see*, Code of Professional Responsibility DR 1-102 [A] [5], [8] [22 NYCRR 1200.3 (a) (5), (8)]).

Respondent has been heard in mitigation. He is remorseful for his professional misconduct and has made meaningful efforts at remediation. Significantly, respondent has complied with the participation requirements of the Lawyers' Assistance Program of the New York State Bar Association, as recommended by petitioner. He has also complied with the restriction previously imposed by this Court (*see, Matter of Nagoda,* 241 AD2d 619), which limited his practice to the representation of two corporate clients, a restriction we now rescind.

Under all of the attendant circumstances, we find it appropriate to suspend respondent from the practice of law for a period of two years from the date of this decision, but stay the suspension upon condition that he continues to participate in the Lawyers' Assistance Program. Any failure to meet this condition shall be reported by petitioner to this Court. Respondent may apply, upon notice to petitioner, to terminate the suspension after expiration of the two-year period (*see, e.g., Matter of Canale,* 209 AD2d 816).

Cardona, P. J., Mikoll, Crew III, White and Carpinello, JJ., concur. Ordered that respondent is found guilty of the professional misconduct charged and specified in the petition, except insofar as charge VI alleged a violation of Code of Professional Responsibility DR 9-102 (C) (4) (22 NYCRR 1200.46 [c] [4]); and it is further ordered that respondent is suspended from the practice of law for a period of two years, effective immediately, which suspension is hereby stayed upon the condition that respondent continues to participate in the Lawyers' Assistance Program of the New York State Bar Association; and it is further ordered that respondent may apply, upon notice to petitioner, to terminate the suspension after the expiration of two years from the date of this order.