(February 8, 2000)

■ In the Matter of KEVIN W. NAGODA, a Suspended At-torney, Respondent. COMMITTEE ON PROFESSIONAL STANDARDS, Petitioner. [702 NYS2d 713] —Per Curiam. Respondent, who was admitted by this Court in 1986 and resides in Forestburgh, Sullivan County, is currently suspended from practice (254 AD2d 517).

Upon respondent's failure to answer a petition of charges, the Committee on Professional Standards moves for a default

judgment. Both the petition and the motion have been personally served upon respondent. The motion is supported by documentary proof of the charged professional misconduct. Respondent has submitted an affirmation in mitigation. Under the circumstances presented, respondent is deemed to have admitted the charges and specifications and we grant the motion (*see, e.g., Matter of Petrolawicz*, 228 AD2d 1005).

In violation of this Court's disciplinary rules, respondent neglected two client matters (*see*, Code of Professional Responsibility DR 6-101 [a] [3] [22 NYCRR 1200.30 (a) (3)]); failed to promptly return a fee and file to a client (*see*, DR 9-102 [c] [4] [22 NYCRR 1200.46 (c) (4)]); after he was suspended, failed to withdraw from representation of a client and failed to withdraw as Referee in a foreclosure matter (*see*, DR 2-110 [b] [2] [22 NYCRR 1200.15 (b) (2)]); failed to pay a monetary sanction imposed by the Appellate Division, Second Department, for a frivolous motion to reargue (*see*, DR 1-102 [a] [5] [22 NYCRR 1200.3 (a) (5)]); failed to cooperate with petitioner (*see*, DR 1-102 [a] [5] [22 NYCRR 1200.3 (a) (5)]); and failed to file an affidavit of compliance with the order suspending him in October 1998 (*see*, 22 NYCRR 806.9; DR 1-102 [a] [5], [7] [22 NYCRR 1200.3 (a) (5), (7)]).

It appears that respondent's misconduct arose from the personal problems which led to his prior discipline (*see, Matter of Nagoda*, 254 AD2d 517, *supra;* 249 AD2d 677, 241 AD2d 619; 238 AD2d 667). In view of his disciplinary record, the fairly serious nature of the instant professional misconduct, and this Court's obligation to protect the public, deter similar misconduct, and preserve the reputation of the Bar, we extend respondent's suspension until April 14, 2002, and until further order of this Court.

Cardona, P. J., Crew III, Carpinello, Graffeo and Mugglin, JJ., concur. Ordered that the motion for a default judgment is granted; and it is further ordered that respondent is found guilty of the professional misconduct charged and specified in the petition; and it is further ordered that respondent's current suspension from practice is extended until April 14, 2002, and until further order of this Court; and it is further ordered that respondent, for the period of his suspension, is commanded to desist and refrain from the practice of law in any form either as principal or as agent, clerk or employee of another; and he is forbidden to appear as an attorney or counselor-at-law before any court, Judge, Justice, board, commission or other public authority, or to give to another any opinion as to the law or its application, or any advice in relation thereto; and it is further

ordered that respondent shall comply with the provisions of this Court's rules (22 NYCRR 806.9) regulating the conduct of suspended attorneys.