◼ In the Matter of JAMES W. CARROLL, an Attorney, Respondent. COMMITTEE ON PROFESSIONAL STANDARDS, THIRD JUDICIAL DEPARTMENT, Petitioner. [599 NYS2d 867] —Per Curiam. Respondent, an Ithaca attorney, was admitted to practice by this Court in 1970.

On February 26, 1993, respondent was convicted in Tompkins County Court upon his plea of guilty to the misdemeanor offense of petit larceny, in violation of Penal Law § 155.25. On April 16, 1993, he was sentenced to a conditional discharge of one year, restitution to Tompkins County of $20,000, and 100 hours of community service.

Respondent's conviction was based on his failure to return to the county a duplicate payment for $1,242.69 he received

for services rendered as assigned counsel in representing one Donald W. Romano. The duplicate check was issued through no fault of respondent's. However, he admits he knew it was a double payment and he nevertheless converted the funds to his own use.

We recently concluded that respondent had been convicted of a serious crime and suspended him from practice, effective May 28, 1993, until such time as a final disciplinary order was made. It was noted that respondent's crime had an identifiable victim, the taxpaying public; it adversely affected that portion of the judicial process guaranteeing access to the courts for indigents; and it lessened public confidence in the legal profession and compromised its integrity (*Matter of Carroll,* 193 AD2d 881).

In view of various mitigating circumstances, we conclude that respondent should be suspended from practice for a period of six months, *nunc pro tunc* to May 28, 1993 (*see, e.g., Matter of Stern,* 90 AD2d 338; *see also, Matter of Barrett,* 183 AD2d 1076, 1079). Respondent's initial receipt of the double payment was inadvertent. Therefore, although he did wrongfully convert it, he did not cause its issuance. He has a good disciplinary record, marred only by a 1984 letter of admonition for neglect, at which time he was suffering from problems associated with alcoholism. To his credit, respondent appears to have successfully overcome his alcoholism. Respondent has made assurances that he will take steps to improve his billing practices and to work with the administrator of the Tompkins County Assigned Counsel Plan toward that end. Respondent notes his distinguished military service as a Marine Corps Judge Advocate in Vietnam in the early 1970s and his almost exclusive devotion of his legal practice to assigned counsel work since he opened a law office in his native Ithaca in 1975. Respondent has submitted laudatory character affidavits attesting to his good reputation in the local legal community. Finally, there is no doubt respondent has already suffered because of his recent conviction and its attendant negative publicity and the criminal investigation beginning in June 1992 which apparently caused a precipitous decline in his practice.

Mikoll, J. P., Yesawich Jr., Levine, Mercure and Crew III, JJ., concur. Ordered that pursuant to Judiciary Law § 90 (4) (f) and (g) respondent is hereby suspended from the practice of law for a period of six months, effective *nunc pro tunc* to May 28, 1993; and until further order of this Court, with leave to apply for reinstatement after the expiration of said period

upon furnishing satisfactory proof that during said period he has actually refrained from attempting to practice as an attorney and counselor at law, that he has complied fully with the provisions of section 806.12 (subd [b]) of this Court's rules [22 NYCRR 806.12 (b)] governing the conduct of attorneys, and that he has otherwise properly conducted himself during the period of his suspension; and it is further ordered, that for the period of suspension respondent be and hereby is commanded to desist and refrain from the practice of law in any form either as principal or agent, or as clerk or employee of another; and he hereby is forbidden to appear as an attorney or counselor at law before any court, Judge, Justice, board, commission or other public authority or to give to another any opinion as to the law or its application, or any advice with relation thereto; and it is further ordered, that respondent shall comply with the provisions of section 806.9 of the rules of this Court [22 NYCRR 806.9] regulating the conduct of disbarred, suspended or resigned attorneys.