[625 NYS2d 269]

In the Matter of PATRICK C. SEALY, an Attorney, Respondent. GRIEVANCE COMMITTEE FOR THE SECOND AND ELEVENTH JUDICIAL DISTRICTS, Petitioner.

Second Department, April 17, 1995

### APPEARANCES OF COUNSEL

*Robert H. Straus,* Brooklyn *(Richard Lombardo* of counsel), for petitioner.

*Jerome Karp, P. C.,* Brooklyn *(Mitchell K. Friedman* of counsel), for respondent.

## OPINION OF THE COURT

Per Curiam.

In this proceeding, the respondent was served with a petition containing three allegations of professional misconduct. The Special Referee sustained all three charges. The Grievance Committee moved to confirm the report of the Special Referee while the respondent cross-moved to disaffirm.

Charge One alleged that the respondent, as a member of the Assigned Counsel Defender Plan of the Appellate Division, Second Judicial Department, between 1984 and 1988, engaged in conduct adversely reflecting on his fitness to practice law. During that interval, the respondent submitted vouchers seeking payment for services that had not been performed.

Charge Two alleged that the respondent, by reason of the aforesaid activity, engaged in conduct involving dishonesty, fraud, deceit, or misrepresentation.

Charge Three alleged that the respondent, by reason of the aforesaid activity, engaged in conduct that is prejudicial to the administration of justice.

Upon a review of the evidence adduced, we conclude that the Special Referee properly sustained the three charges. In view of the voluminous documentary evidence submitted by the petitioner, the respondent's inadequate and often contradictory explanations for his billing practices, and the Special Referee's finding that the respondent lacked candor, the charges were established by a fair preponderance of the credible evidence.

In determining an appropriate measure of discipline to impose, we have taken into consideration the character evidence offered by the respondent as well as his prior disciplinary history, which includes a Letter of Caution, dated September 15, 1987, for neglecting an appeal assigned to him, and an Admonition, dated September 18, 1992, for engaging in a conflict of interest and communicating, without authorization, with a party he knew to be represented by counsel.

In view of the extensive nature of the respondent's professional misconduct in deliberately and systematically submitting, over a period of approximately four years, false vouchers to the 18-b panel for services which he had not legitimately performed, the respondent is disbarred.

MANGANO, P. J., BRACKEN, BALLETTA, ROSENBLATT and JOY, JJ., concur.

Ordered that the petitioner's motion to confirm the report of

the Special Referee is granted, and the respondent's cross motion is denied in its entirety; and it is further,

Ordered that pursuant to Judiciary Law § 90, effective immediately, the respondent, Patrick C. Sealy, is disbarred and his name is stricken from the roll of attorneys and counselors-at-law; and it is further,

Ordered that the respondent shall promptly comply with this Court's rules governing the conduct of disbarred, suspended, and resigned attorneys (22 NYCRR 691.10); and it is further,

Ordered that pursuant to Judiciary Law § 90, effective immediately, Patrick C. Sealy is commanded to desist and refrain (1) from practicing law in any form, either as principal or as agent, clerk, or employee of another, (2) from appearing as an attorney or counselor-at-law before any court, Judge, Justice, board, commission, or other public authority, (3) from giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) from holding himself out in any way as an attorney and counselor-at-law.