[677 NYS2d 370]

In the Matter of Frederick S. Falick (Admitted as Frederick Sheldon Falick), a Suspended Attorney. Grievance Committee for the Ninth Judicial District, Petitioner.

Second Department, August 31, 1998

**APPEARANCES OF COUNSEL**

*Gary L. Casella,* White Plains (*Maryann Yanarella* of counsel), for petitioner.

*Brennan Fabriani & Novenstern,* Mount Kisco (*Timothy J. Brennan* of counsel), for respondent.

**OPINION OF THE COURT**

Per Curiam.

The respondent was served with a petition dated October 31, 1996, which contained four charges of professional misconduct. In his answer, the respondent admitted some of the factual allegations contained in the petition, but denied that he was guilty of any professional misconduct. After a hearing, the Special Referee sustained all of the charges. The Grievance Committee now moves to confirm, and the respondent cross-moves to disaffirm, the Special Referee's report.

Charge One alleged that the respondent engaged in conduct involving dishonesty, fraud, deceit, or misrepresentation and/or conduct that adversely reflects on his fitness to practice law, in violation of Code of Professional Responsibility DR 1-102 (A) (4) and (8) (22 NYCRR 1200.3 [a] [4], [8]).

From April 1993 through January 1995, the respondent submitted vouchers seeking payment for services purportedly performed as a Law Guardian in the Orange County Family Court. Without disclosing that he was doing so, the respondent charged for traveling time on the Law Guardian worksheet portion of the vouchers under the heading "Time Spent in Court." Also under the heading "Time Spent in Court," the re-

spondent charged for the same time on multiple vouchers. The respondent knew or should have known that he was misleading the court about the amount of time spent in court on the individual cases.

Charge Three alleged that, based on the foregoing factual allegations, the respondent charged and collected an excessive fee, in violation of Code of Professional Responsibility DR 2-106 (B) (22 NYCRR 1200.11 [b]).

Charge Four alleged that, based on the foregoing factual allegations, the respondent engaged in conduct prejudicial to the administration of justice, in violation of Code of Professional Responsibility DR 1-102 (A) (5) (22 NYCRR 1200.3 [a] [5]).

The Special Referee properly sustained Charges One, Three, and Four. Charge Two, however, should not have been sustained.

In determining the appropriate measure of discipline to impose, the respondent asks the Court to consider his previously unblemished record, his declining health, and his cooperation with the Grievance Committee's investigation, including his admissions under oath. The respondent has no prior disciplinary history.

Under the totality of the circumstances, the respondent is suspended from the practice of law for a period of three years.

MANGANO, P. J., BRACKEN, ROSENBLATT, MILLER and McGINITY, JJ., concur.

Ordered that the petitioner's motion to confirm the report of the Special Referee is granted to the extent that Charges One, Three, and Four are sustained, and the motion is otherwise denied; and it is further,

Ordered that the respondent's cross motion to disaffirm the report of the Special Referee is granted to the extent that Charge Two is not sustained, and the respondent's cross motion is otherwise denied; and it is further,

Ordered that the respondent, Frederick S. Falick, is suspended from the practice of law for a period of three years, commencing immediately and continuing until further order of this Court, with leave to apply for reinstatement no sooner than six months prior to the expiration of the three-year period, upon furnishing satisfactory proof that (a) during that period he refrained from practicing or attempting to practice law, (b) he has fully complied with this order and with the terms and provisions of the written rules governing the conduct of disbarred, suspended and resigned attorneys (22 NYCRR

691.10), and (c) he has otherwise properly conducted himself; and it is further,

Ordered that pursuant to Judiciary Law § 90, during the period of suspension and until the further order of this Court, the respondent, Frederick S. Falick, shall continue to desist and refrain from (1) practicing law in any form, either as principal or agent, clerk or employee of another, (2) appearing as an attorney or counselor-at-law before any court, Judge, Justice, board, commission or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding himself out in any way as an attorney and counselor-at-law; and it is further,

Ordered that pursuant to Judiciary Law § 90 (6-a) (a) and (b), Frederick S. Falick is directed to make restitution in the amount set forth to the following party whose money or property was willfully misappropriated or misapplied, less the amount of any awards to that party by the Lawyers' Fund for Client Protection arising out of the misappropriation or misapplication:

The Commissioner of Taxation and

Finance of the State of New York $4,000

and it is further,

Ordered that pursuant to Judiciary Law § 90 (6-a) (a), the respondent shall reimburse the Lawyers' Fund for Client Protection of the State of New York for any awards made to the party whose money or property was willfully misappropriated or misapplied by him; and it is further,

Ordered that pursuant to Judiciary Law § 90 (6-a) (d), this order may be entered as a civil judgment and such judgment shall be enforceable as a money judgment in any court of competent jurisdiction by the party to whom payments are due hereunder in the amount set forth herein less any amount reimbursed by the Lawyers' Fund for Client Protection or by the Lawyers' Fund for Client Protection when it has been subrogated to the rights of such party.