(October 31, 2001)

■ In the Matter of ROBERT T. ENTIN, an Attorney, Respondent. COMMITTEE ON PROFESSIONAL STANDARDS, Petitioner. [732 NYS2d 648] —Per Curiam. Respondent was admitted to practice by this Court in 1985. He formerly maintained a law office in Albany County and presently resides in Iowa.

Having granted petitioner's motion for an order declaring that the pleadings raised no factual issues and having considered respondent's submission in mitigation (*see,* 22 NYCRR 806.5), we find respondent guilty of having charged excessive fees in violation of the attorney discipline rules (*see,* Code of Professional Responsibility DR 1-102 [a] [4], [5], [7]; DR 2-106 [a] [22 NYCRR 1200.3 (a) (4), (5), (7); 1200.11 (a)]). The charge resulted from an audit conducted by the Unified Court System of vouchers submitted by respondent during the 1996 calendar year for services that he rendered as a Law Guardian and as assigned counsel in Albany County Family Court. Respondent was paid a total of $126,525 on the vouchers. The specifications alleged that the vouchers (1) contained excessive billings of 24 to 33 hours in a single day on 15 separate dates, (2) billed on 10 occasions for in-court services rendered in Albany County Family Court proceedings which he had not attended, (3) billed 9 to 16.8 in-court hours in a single day on 73 occasions when, during none of the dates

in question, was the court day longer than eight hours, and (4) contained excessive billings for Law Guardian and assigned counsel services at an average of 79 hours per week.

In defense and mitigation of the charge, respondent argues that it was acceptable for him to double-bill for time spent in court on behalf of multiple clients. Such double-billing is professional misconduct (*see, e.g., Matter of Falick*, 247 AD2d 1; *Matter of Stern*, 90 AD2d 338). As stated in the guidelines for the Third Department Law Guardian program (*see*, Law Guardian Program Guidelines II [A] [8] [a], [b]), double billing is "the practice of rendering legal services on multiple cases in a given period, and then requesting payment for the entire period on the voucher for each case. For example, waiting at court one hour for two cases to be called, and then requesting payment for one hour for each case, would be double billing * * * Double billing is not permitted. Time expended on multiple cases must be apportioned among those cases." Respondent also maintains that it was acceptable to directly bill staff time on the vouchers and that double billing was an approved custom and practice in Albany County Family Court. The former is not acceptable (*see, e.g.*, Law Guardian Program Guidelines II [B] [1] [a]) and, except for his own statement, respondent offers no proof of the latter, which alleged custom and practice would be improper. As noted in *Matter of Stern* (*supra*, at 340), that he was engaged in improper billing practices "should have been obvious to anyone with a law school education."

Respondent bilked the taxpaying public out of funds allocated to the Law Guardian program and the assigned counsel program. His misconduct also adversely affected that portion of the judicial process guaranteeing access to the courts for indigents, and lessened public confidence in the legal profession and compromised its integrity (*see, e.g., Matter of Carroll*, 194 AD2d 921, 922).

In view of the nature and extent of the misconduct, we conclude that respondent should be disbarred in order to protect the public, deter similar misconduct, and preserve the reputation of the Bar (*see, e.g., Matter of Sealy*, 209 AD2d 132).

Mercure, J. P., Crew III, Peters, Mugglin and Rose, JJ., concur. Ordered that respondent is found guilty of the professional misconduct set forth in the petition; and it is further ordered that respondent is disbarred, and his name is stricken from the roll of attorneys and counselors-at-law, effective immediately; and it is further ordered that respondent is commanded to desist and refrain from the practice of law in any form, either as principal or as agent, clerk or employee of an-

other; he is forbidden to appear as an attorney and counselor-at-law before any court, Judge, Justice, board, commission or other public authority, or to give to another an opinion as to the law or its application, or any advice in relation thereto; and it is further ordered that respondent shall comply with the provisions of this Court's rules regulating the conduct of disbarred attorneys (*see*, 22 NYCRR 806.9).