[24 NYS3d 760]

# In the Matter of Richard T. Harris, an Attorney, Respondent. Grievance Committee for the Second, Eleventh, and Thirteenth Judicial Districts, Petitioner.

Second Department, February 17, 2016

### APPEARANCES OF COUNSEL

*Diana Maxfield Kearse*, Brooklyn (*Mark F. DeWan* of counsel), for petitioner.

*Michael S. Ross*, New York City, and *Clayman & Rosenberg LLP*, New York City (*Brian D. Linder* of counsel), for respondent.

### OPINION OF THE COURT

Per Curiam.

The Grievance Committee for the Second, Eleventh, and Thirteenth Judicial Districts served the respondent with a verified petition containing five charges of professional misconduct. After preliminary conferences on June 9, 2014 and August 14, 2014, and a hearing held on several dates from September 10, 2014 to November 3, 2014, the Special Referee sustained all five charges. The petitioner now moves to confirm the report of the Special Referee, and to impose such discipline upon the respondent as this Court deems just and proper. The respondent opposes the motion, and cross-moves to (1) confirm the Special Referee's findings of fact, (2) disaffirm the Special Referee's conclusions of law, and (3) sustain "those portions of the Charges which relate to [r]espondent's failure to supervise, but not sustain[ ] the remaining portions of the Charges alleging intentional misconduct by [r]espondent." The respondent requests that the Court impose the sanction of a public censure.

## The Petition

Charge one alleges that the respondent engaged in illegal conduct that adversely reflects on his honesty, trustworthiness,

and fitness as a lawyer, in violation of rule 8.4 (b) and (h) of the Rules of Professional Conduct (22 NYCRR 1200.0). The respondent was the principal, sole owner, and managing attorney of the law firm incorporated as "Richard T. Harris & Associates, P.C." (hereinafter the law firm). The respondent's law firm represented claimants before the Workers' Compensation Board (hereinafter the Board). On April 28, 2011, in the Supreme Court, Nassau County, the respondent, on behalf of his law firm, pleaded guilty to nine counts of offering a false instrument for filing in the second degree, in violation of Penal Law § 175.30, a class A misdemeanor. The petition alleges that in his allocution, the respondent stated:

> "I was the principal and sole high managerial agent of Richard T. Harris & Associates, P.C. As set forth below, the law firm submitted fee applications to the Workers' Compensation Board that contained itemized timesheets knowing that they were false and without ascertaining the truth. In addition the law firm submitted certain letters to the Workers' Compensation Board requesting a change in venue knowing that they contained false representations. As the sole high managerial agent of the law firm, I failed to adequately supervise the employees in the preparation and filing of these documents, thereby permitting false information to be included in such documents."

Pursuant to the plea agreement, the law firm was sentenced to a conditional discharge and ordered to pay restitution to its clients in the amount of $84,864, and was then dissolved. Also, as part of the plea, the counts in the indictment charging the respondent, individually, were dismissed, and the respondent agreed that he would not sign fee application timesheets for submission to the Board, or personally appear before the Board in any hearing, unless directed by the Board to do so, for a period of three years.

Charge two alleges that the respondent engaged in a pattern and practice of submitting applications for legal fees to the Board which contained false and inaccurate statements, in violation of former Code of Professional Responsibility DR 1-102 (a) (4) and (7) (22 NYCRR 1200.3 [a] [4], [7]). The Board's rules and regulations provide that an attorney must file a written application for a fee, using form OC-400.1, in each case in which a fee in excess of $450 is requested (*see* 12 NYCRR

300.17 [d] [1]). Form OC-400.1 requires an attorney to list the services rendered on behalf of a claimant, including the dates of such services and the time spent. During the relevant time period, the respondent knew that his law firm was not maintaining timesheets to record the needed information, and directed his nonlawyer employees to prepare form OC-400.1 fee applications by using information that he knew was false and inaccurate.

Charge three alleges that the respondent engaged in a pattern and practice of submitting letters to the Board requesting changes of venue which contained false information, in violation of former Code of Professional Responsibility DR 1-102 (a) (4) and (7) (22 NYCRR 1200.3 [a] [4], [7]). The Board's rules and regulations permit claimants and workers' insurance carriers to stipulate to uncontested facts or proposed findings by reducing the stipulation to writing and having it approved by a Workers' Compensation Law Judge (hereinafter WCLJ) during a walk-in stipulation calendar (hereinafter WISC) hearing which is held at the various Board offices (see 12 NYCRR 300.5 [b] [1]). Pursuant to 12 NYCRR 300.5 (b) (1), at the WISC hearing, a WCLJ shall verify through questioning that claimants have been advised of the legal effect of the stipulation and have signed the stipulation of their own free will. The respondent became aware that the WCLJ assigned to conduct WISC hearings in the Board's Hempstead office did not require the physical presence of claimants at the WISC hearings. From on or about September 1, 2007 through March 31, 2008, at the respondent's direction, employees at the law firm prepared approximately 65 change of venue request letters to be signed by claimants, transferring their cases from various Board offices to the Board's Hempstead office for placement on the WISC. Many of the change of venue letters falsely stated that a venue change was requested because it was "more convenient" for the respondent's client since the client was "staying with a friend in Hempstead."

Charge four alleges that the respondent engaged in a pattern and practice of submitting letters to the Board requesting changes of venue which contained forged signatures, in violation of former Code of Professional Responsibility DR 1-102 (a) (4) and (7) (22 NYCRR 1200.3 [a] [4], [7]). The respondent submitted change of venue request letters which contained claimants' signatures that were either forged or lifted from other documents, including the signatures of respondent's

clients: Catherine Caporaso, Valerie Anderson, Vittorio Alvarez, Connie Baldwin, and Alexis Spenser (who was deceased at the time of the request), among others. The respondent submitted these change of venue request letters without confirming that his clients signed the letters and authorized the request.

Charge five alleges that the respondent failed to adequately supervise nonlawyer employees of the law firm, in violation of former Code of Professional Responsibility DR 1-104 (c) and (d) (22 NYCRR 1200.5 [c], [d]) and DR 1-102 (a) (4) and (7) (22 NYCRR 1200.3 [a] [4], [7]). At the respondent's direction, nonlawyer employees were given the responsibility of obtaining claimants' informed consent to, and signatures on, change of venue request letters. The respondent failed to verify that claimants provided a fully informed consent to the change of venue and actually signed the letters prior to submitting the letters to the Board. The respondent failed to review the change of venue request letters for accuracy before they were submitted to the Board. In addition, at the respondent's direction, nonlawyer employees prepared form OC-400.1 fee requests by filling in an "estimated" number of hours for time spent on pre-listed services and indicating that the services were rendered on "various dates." The respondent failed to review the form OC-400.1 fee requests for accuracy before they were submitted to the Board.

Based on the evidence adduced, and the respondent's admissions, the Special Referee properly sustained the charges. Accordingly, the petitioner's motion to confirm the Special Referee's report is granted. The respondent's cross motion is granted to the extent that it seeks to confirm the findings of fact of the Special Referee, and is otherwise denied.

In mitigation, the respondent asks this Court to consider the following factors: that there was no proof that he personally prepared or ordered the preparation of false documents for submission to the Board; the lack of venality; he didn't receive any financial gain; he has instituted computerized remedial measures to ensure that he will be able to properly supervise his new law firm's employees; he has learned from his misconduct and poses no risk of engaging in similar conduct again; he accepted full responsibility for his failure to supervise and expressed sincere remorse and contrition; and the evidence submitted on behalf of his character.

Notwithstanding the respondent's claim that he neither acted with venality, nor received any financial gain, " 'venality'

requires only a finding that respondent deliberately and intentionally engaged in deception, and does not require a finding of malice or intent to profit" (*Matter of Kantor*, 241 AD2d 103, 105 [1998]). Here, the respondent "deliberately and intentionally engaged in deception" by repeatedly making false filings with the Board that misstated attorney work hours and work product, and misrepresented clients' ability and intention to attend Board hearings in Hempstead.

Under the totality of the circumstances, we find that the respondent's conduct warrants his suspension from the practice of law for a period of three years.

ENG, P.J., MASTRO, RIVERA, DILLON and BALKIN, JJ., concur.

Ordered that the petitioner's motion to confirm the Special Referee's report is granted; and it is further,

Ordered that the respondent's cross motion is granted to the extent that it seeks to confirm the findings of fact of the Special Referee, and is otherwise denied; and it is further,

Ordered that the respondent, Richard T. Harris, is suspended from the practice of law for a period of three years, commencing March 18, 2016, and continuing until further order of this Court. The respondent shall not apply for reinstatement earlier than September 18, 2018. In such application, the respondent shall furnish satisfactory proof that during said period he: (1) refrained from practicing or attempting to practice law, (2) fully complied with this order and with the terms and provisions of the written rules governing the conduct of disbarred, suspended, and resigned attorneys (*see* 22 NYCRR 691.10), (3) complied with the applicable continuing legal education requirements of 22 NYCRR 691.11 (c) (2), and (4) otherwise properly conducted himself; and it is further,

Ordered that pursuant to Judiciary Law § 90, during the period of suspension and until the further order of this Court, the respondent, Richard T. Harris, shall desist and refrain from (1) practicing law in any form, either as principal or agent, clerk, or employee of another, (2) appearing as an attorney or counselor-at-law before any court, judge, justice, board, commission, or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding himself out in any way as an attorney and counselor-at-law; and it is further,

Ordered that if the respondent, Richard T. Harris, has been issued a secure pass by the Office of Court Administration, it

shall be returned forthwith to the issuing agency and the respondent shall certify to the same in his affidavit of compliance pursuant to 22 NYCRR 691.10 (f).