Matter of Krame (2023 NY Slip Op 06137)

Matter of Krame

2023 NY Slip Op 06137

Decided on November 29, 2023

Appellate Division, Second Department

Per Curiam.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on November 29, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

HECTOR D. LASALLE, P.J.
MARK C. DILLON
COLLEEN D. DUFFY
BETSY BARROS
PAUL WOOTEN, JJ.

2022-00033

[*1]In the Matter of Evan J. Krame, admitted as Evan Jay Krame, an attorney and counselor-at-law. (Attorney Registration No. 1875418)

The respondent was admitted to the Bar in the State of New York at a term of the Appellate Division of the Supreme Court in the Second Judicial Department on June 1, 1983, under the name Evan Jay Krame. By order to show cause dated February 16, 2023, this Court directed the respondent to show cause why an order should not be made and entered pursuant to 22 NYCRR 1240.13 imposing discipline upon him for the misconduct underlying the discipline imposed by a final order of the District of Columbia Court of Appeals, filed November 3, 2022.

 Catherine A. Sheridan, Hauppauge, NY (Rona I. Kugler of counsel), for Grievance Committee for the Tenth Judicial District.
Evan J. Krame, Rockville, Maryland, respondent pro se.

PER CURIAM.

OPINION & ORDER
By order filed November 3, 2022, the District of Columbia Court of Appeals suspended the respondent from the practice of law for a period of 18 months, for violating District of Columbia Rules of Professional Conduct (hereinafter DC RPC) rules 1.5(a) (charging an unreasonable fee); 1.15(a) (negligent misappropriation); 3.3(a)(1) (making a false statement to a tribunal); 3.4(c) (knowingly violating an obligation to a tribunal); and 8.4(c) (dishonesty) and (d) (serious interference with the administration of justice).
The District of Columbia Disciplinary Proceeding
The respondent was admitted to the District of Columbia Bar on June 20, 1983. The misconduct underlying the respondent's discipline by the District of Columbia Court of Appeals stemmed from his role as the court-appointed trustee for three special needs trusts, which held assets for three severely disabled minor individuals: the Seay trust, the Brown trust, and the Baker trust. Much of the respondent's misconduct arose out of his claim that his compensation as trustee should be established annually as 1% of a trust's assets, and that he should not be required to account for the time spent acting as trustee.
The District of Columbia Court of Appeals determined that, with regard to both the Brown and Baker trusts, the respondent was originally permitted to collect a fee of 1% of the assets of each trust, as compensation for the services that he performed as trustee on behalf of the trust, during the course of a year. Subsequently, the Probate Division of the District of Columbia Superior Court (hereinafter the probate court) required the respondent to provide additional information as to each trust, so that the probate court could determine the reasonableness of the fees based, inter alia, on the time the respondent spent servicing each trust. The respondent represented to the probate court that he had not kept time records for his specific services for either trust, although he in fact had kept records of his hours via his billing software. The probate court approved the respondent's fees for the Brown trust based on 1% of its assets, a fee that was higher than what the respondent's [*2]time records justified. In the case of the Baker trust, the probate court approved a fee based on an approximation of the respondent's hours worked, and what the court determined to be a reasonable hourly rate. This fee was approximately $8,800 less than the fee that the respondent had requested, and the requested fee was nearly $5,000 more than was reflected by the time records for services as recorded by the respondent's billing software.
The respondent claimed, inter alia, that his limited time records were incomplete and did not reflect all of the services for which he was seeking compensation. The respondent also contended that he had made no misrepresentations to the probate court because he truthfully had not kept track of specific services. The respondent further represented that he did not provide time records because he was advocating the proposition that compensation at 1% of the trust assets was appropriate, and presenting the time records would have required him to concede this point.
Based on the foregoing, the District of Columbia Court of Appeals found the respondent to have violated DC RPC rules 3.3(a)(1) and 8.4(c) as to each the Brown trust and the Baker trust, for not divulging the time records that he did have.
The respondent believed that his advocacy regarding percentage-based compensation for trustees was a service to the beneficiaries of the trusts and therefore claimed reimbursement from these trusts for his time advocating for percentage-based compensation. The probate court, however, ordered the respondent not to include fees or costs related to such advocacy in his fee petitions. Notwithstanding this order, the respondent tried to expense litigation costs and fees to the Brown trust on two occasions in November 2006, for a total of $8,900. The probate court disallowed these payments, $200 of which had already been paid to the respondent. The probate court therefore ordered the respondent to "reimburse the filing fee 'forthwith.'" However, the respondent failed to do so for more than 2 ½ years.
The District of Columbia Court of Appeals found that the respondent violated DC RPC rule 3.4(c) twice, once for including his litigation-related fees or costs in his fee petitions, and once for failing to comply with the probate court's order to return the improper $200 fee "forthwith."
The respondent directly appealed several of the fee-related rulings of the probate court (see In re D.M.B., 979 A.2d 15 [DC 2009]), and, during the pendency of that appeal, did not file any fee requests on behalf of the Brown or Baker trusts. After the probate court's rulings were affirmed, the respondent filed his outstanding fee requests, which covered several years of work that he had performed for the Brown and Baker trusts. The respondent included records for the time that he spent working on behalf of each trust and his petitions were approved by the probate court. However, further investigation revealed that four of these entries had been altered following the ruling in In re D.M.B., to change the description of certain fees, from litigation-related activities for the compensation dispute, to permissible work completed for the trust, while the fees remained the same. Notwithstanding the respondent's defense that he had reviewed his files and discovered that he had performed equivalent compensable work that he had not previously recorded, the District of Columbia Court of Appeals found that the respondent violated DC RPC rules 8.4(c) and (d), as well as 1.5(a).
Following the respondent's loss on appeal, he added new charges to the time entries in his billing software, before submitting his outstanding fee requests with regard to the Brown and Baker trusts. The supplemental time entries were for services that the respondent purportedly completed six months to three years earlier, with more than 50 supplemental time charges to the Brown trust, which increased the fees claimed by $10,800, and over 40 additional time charges to the Baker trust, increasing the claimed fees by $8,775. These additional charges to each trust approximated the amounts that the respondent was denied in In re D.M.B., bringing the total fee request to the sum of approximately 1% of each of the trust's assets, and covering the respondent's litigation costs for the compensation issue. Based on the foregoing, the District of Columbia Court of Appeals concluded that the respondent violated DC RPC rules 1.5(a), and 8.4(c) and (d).
Finally, the District of Columbia Court of Appeals found that the respondent negligently misappropriated the funds of the Seay trust by disbursing to himself two duplicate annual fee payments in 2001 and 2002. Less than six months after he made the second duplicate payment, the respondent discovered his error and promptly reimbursed the trust. However, with regard to the first duplicate payment, the respondent did not discover his error until approximately nine years after it was made, and it was only revealed as a result of the District of Columbia investigation. The court noted that, due to these duplicate payments, the 2002 accounting for the Seay trust contained three separate, purportedly annual, fee payments on a single page, which should have alerted the [*3]respondent to the error and caused him to review the previous page to discover the first duplicate payment. The court therefore found that the respondent violated DC RPC rule 1.15(a).
In aggravation, the court considered the number of the respondent's rule violations, that some of these violations were "the product of intentional conduct meant to mislead the probate court and circumvent its orders," and the vulnerability of the beneficiaries of the trusts involved in the respondent's misconduct. In mitigation, the court noted, inter alia, the respondent's otherwise unblemished disciplinary record, his cooperation with the investigation, his prior service to the disabled and elderly communities, and an amicus brief that several clients filed on his behalf.
By order filed November 3, 2022, the District of Columbia Court of Appeals suspended the respondent from the practice of law for a period of 18 months.
New York Proceeding
By order to show cause dated February 24, 2022, this Court directed the respondent to show cause why an order should not be made and entered pursuant to 22 NYCRR 1240.13 for the misconduct underlying the discipline imposed by an interim order of the Court of Appeals of the State of Maryland, filed November 19, 2021, and an interim order of the District of Columbia Court of Appeals, filed October 15, 2019, which orders each temporarily suspended the respondent in its respective jurisdiction, pending final disposition of each proceeding. Before the order to show cause dated February 24, 2022, was addressed by this Court, the District of Columbia Court of Appeals issued its final order, filed November 3, 2022, rendering the earlier order to show cause academic.
By order to show cause dated February 16, 2023, this Court directed the respondent
to show cause why discipline should not be imposed upon him pursuant to 22 NYCRR 1240.13 for the misconduct underlying the discipline imposed by order of the District of Columbia Court of Appeals filed November 3, 2022, by filing an affidavit in accordance with 22 NYCRR 1240.13(b) with the Clerk of this Court, with proof of service upon the Grievance Committee for the Tenth Judicial District, on or before April 3, 2023.
In his unsworn response dated March 31, 2023, the respondent asserted defenses pursuant to 22 NYCRR 1240.13(b), including that delays in the 13-year disciplinary process constituted a violation of his due process rights. As asserted by the Grievance Committee, the issue of delay was raised before the District of Columbia Ad Hoc Hearing Committee and the District of Columbia Board on Professional Responsibility, which both concluded that it was due, at least in part, to the respondent's request that the investigation be held in abeyance pending his appeal of certain compensation issues.
With regard to the defense that the respondent's misconduct in the District of Columbia does not constitute misconduct in New York, we disagree. Many of the DC RPC rules that the respondent violated, as found by the District of Columbia Court of Appeals, have a counterpart that is substantially similar, under the exact section of the New York Rules of Professional Conduct (see 22 NYCRR 1200.0). To the extent that the respondent argues that there are no New York rules that prohibit the reconstruction of time records, attorney compensation for work done challenging "unclear" fee systems, nor mistakes of judgment that result in duplicate payments, we find such reinterpretation of the facts to be without merit.
Findings and Conclusion
Accordingly, we find that the imposition of reciprocal discipline is warranted based on the findings of the District of Columbia Court of Appeals.
Under the totality of the circumstances, including the vulnerability of the beneficiaries of the subject trusts and the multiple instances of misconduct by the respondent, some of which were the result of intentional actions to mislead the probate court and directly contravene its orders, we conclude that the respondent should be suspended from the practice of law for a period of three years (see Matter of Harris, 138 AD3d 89; see also Matter of Falick, 247 AD2d 1).
LASALLE, P.J., DILLON, DUFFY, BARROS and WOOTEN, JJ., concur.
ORDERED, on the Court's own motion, the order to show cause dated February 24, 2022, is dismissed as academic; and it is further,
ORDERED that pursuant to 22 NYCRR 1240.13, the respondent, Evan J. Krame, admitted as Evan Jay Krame, is suspended from the practice of law for a period of three years, effective December 29, 2023, and continuing until further order of this Court. The respondent shall not apply for reinstatement earlier than June 29, 2026. In such application (see 22 NYCRR 691.11, [*4]1240.16), the respondent shall furnish satisfactory proof that during the period of suspension he (1) refrained from practicing or attempting to practice law, (2) fully complied with this opinion and order and with the terms and provisions of the written rules governing the conduct of disbarred or suspended attorneys (see id. § 1240.15), and (3) complied with the applicable continuing legal education requirements of 22 NYCRR 691.11(a), and (4) otherwise properly conducted himself; and it is further,
ORDERED that during the period of suspension and until further order of the Court, the respondent, Evan J. Krame, admitted as Evan Jay Krame, shall comply with the rules governing the conduct of disbarred or suspended attorneys (see id. § 1240.15); and it is further,
ORDERED that pursuant to Judiciary Law § 90, during the period of suspension and until further order of the Court, the respondent, Evan J. Krame, admitted as Evan Jay Krame, shall desist and refrain from (1) practicing law in any form, either as principal or as agent, clerk, or employee of another, (2) appearing as an attorney or counselor-at-law before any court, Judge, Justice, board, commission, or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding himself out in any way as an attorney and counselor-at-law; and it is further,
ORDERED that if the respondent, Evan J. Krame, admitted as Evan Jay Krame, has been issued a secure pass by the Office of Court Administration, it shall be returned forthwith to the issuing agency, and the respondent shall certify to the same in his affidavit of compliance pursuant to 22 NYCRR 1240.15(f).
LASALLE, P.J., DILLON, DUFFY, BARROS and WOOTEN, JJ., concur.
ENTER:
Darrell M. Joseph
Acting Clerk of the Court