NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

JAN 28 2025

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| MARY BETH MONTERA, individually and on behalf of all others similarly situated, Plaintiff-Appellee, v. PREMIER NUTRITION CORPORATION, FKA Joint Juice, Inc., Defendant-Appellant. | No.   23-16162 D.C. No. 3:16-cv-06980-RS MEMORANDUM* |

Appeal from the United States District Court
for the Northern District of California
Richard Seeborg, Chief District Judge, Presiding

Submitted January 24, 2025**
San Francisco, California

Before:  S.R. THOMAS, HAMILTON,*** and CHRISTEN, Circuit Judges.

Premier Nutrition Corporation appeals a district court order awarding

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\** The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

\*** The Honorable David F. Hamilton, United States Circuit Judge for the U.S. Court of Appeals for the Seventh Circuit, sitting by designation.

attorneys' fees to class counsel. We assume the parties are familiar with the facts and recite them only as necessary. We review an award of attorneys' fees for abuse of discretion, *Corder v. Brown*, 25 F.3d 833, 836 (9th Cir. 1994), and review "de novo whether the district court applied the correct legal standard in determining entitlement to attorneys' fees." *Klein v. City of Laguna Beach*, 810 F.3d 693, 698 (9th Cir. 2016).[1] We affirm.

This case originated as a class action brought on behalf of a putative national class. After the district court denied class certification of the nationwide class and certified a California class, *Mullins v. Premier Nutrition Corp.*, No. 13-cv-01271-RS, 2016 WL 3440600, at *1 (N.D. Cal. June 20, 2016), Montera's counsel filed ten new suits on behalf of putative single-state classes, including this New York class. Premier agreed to share discovery generated while *Mullins* was pending among the related actions to avoid duplicating efforts and expenses. After the California plaintiffs amended their complaint to voluntarily dismiss their prayer for damages, the district court dismissed the California class action. We affirmed that dismissal. *See Sonner v. Premier Nutrition Corp.*, 971 F.3d 834, 844–45 (9th Cir. 2020). The related single-state classes then proceeded with coordinated discovery. *Montera* was the first of the single-state cases to go to trial. A jury returned a

---

[1] We grant Montera's unopposed request for judicial notice.

2

verdict in Montera's favor.[2]

After trial, the district court ruled that Montera was the prevailing party and entitled to attorneys' fees pursuant to New York General Business Law (GBL) §§ 349 and 350-e.  The GBL provides that a trial court "may award reasonable attorney's fees to a prevailing plaintiff."  N.Y. Gen. Bus. Law §§ 349(h), 350-e(3).  Under New York law, the district court had broad discretion to decide whether to award attorneys' fees and the amount of the award.  *Riordan v. Nationwide Mut. Fire Ins. Co.*, 977 F.2d 47, 53–54 (2nd Cir. 1992) (citing New York cases).  When evaluating the number of hours reasonably expended, New York courts consider the "time and skill required in litigating the case, the complexity of issues, . . . and the results achieved."  *Id.* at 53.

1. The district court did not abuse its discretion when it awarded Montera's counsel fees for part of the work counsel performed while *Mullins* was pending.  The fees that were incurred during the period when the putative nationwide class was pending, and included in Montera's fee petition, comprised only work on issues that were common to Montera's case.  Common issues included discovery for the consumer deception issue and work that reduced the hours needed to successfully seek certification of the New York class.  The district court was in the

---

[2] We affirmed the verdict and remanded for reconsideration of damages in light of intervening case law.  *Montera v. Premier Nutrition Corp.*, 111 F.4th 1018, 1043 (9th Cir. 2024).

3

best position to determine whether the fees included in Montera's fee motion that were incurred while *Mullins* was pending contributed to Montera's success at trial. We conclude that record evidence supports the district court's determination that the fees included in the motion led to Montera's overall success. *Riordan*, 977 F.2d at 53–54 (noting New York courts evaluate the work necessary to achieve results obtained when awarding attorney fees).

2. The district court did not abuse its discretion when it declined to apportion among the related state classes those fees incurred while *Mullins* was pending and, after *Mullins* was dismissed, the fees incurred to conduct joint discovery. First, Premier cites no New York law that requires apportionment in this circumstance. Second, the district court reasonably determined that all of the fees that were included in the loadstar calculation were necessary to achieve the results in *Montera*, including the time spent preparing shared experts and obtaining additional, more refined fact discovery. The district court credited Montera's counsels' representations that they excluded all work that they specifically performed for other cases, as well as all work that did not benefit Montera. Premier points to no evidence that undermines this conclusion or otherwise shows that Montera's counsel failed to exclude time for work that did not benefit Montera. In the event plaintiffs prevail in any of the other state-specific actions, the district court expressly prohibited Montera's counsel from seeking duplicate

4

recovery for the fees recovered in the New York case. *See Matter of Entin*, 732 N.Y.S.2d 648, 649 (App. Div. 2001) (noting New York law prohibits billing multiple clients for the same work).

3. Because we hold that the district court did not abuse its discretion when it declined to apportion fees, we decline to grant Premier's conditional request that we remand the award of non-taxable costs for apportionment among the related state-specific actions. Premier argues briefly that non-taxable costs are not recoverable under the GBL as a matter of law, but Premier forfeited that claim by failing to raise it before the district court. *See Yee v. City of Escondido*, 503 U.S. 519, 534–35 (1992).

4. Premier also forfeited its claim that the GBL bars recovery for fees incurred preparing the fee petition (fees-on-fees). *See id.* Before the district court, Premier objected to fees-on-fees only as support for its argument that the court should reduce Montera's fee award by 40% across-the-board to account for overbilling. Premier's new argument, that the GBL bars the recovery of fees-on-fees as a matter of law, does not relate to Premier's contention that the lodestar calculation was too high because of counsels' billing practices.[3]

---

[3]   Montera filed two fee motions. With respect to the first, Montera prevailed on two key issues: (1) the district court ordered that Premier would pay fees directly rather than deducting them from the class fund; and (2) the court ordered that fees would be calculated using the lodestar method. The district court ordered Montera to re-file its motion for fees with more detailed time records to allow

5

**AFFIRMED.**

---

calculation pursuant to the lodestar method.  The second motion for fees included only the time spent preparing the first fee motion.