Matter of Cobb (2025 NY Slip Op 01803)

Matter of Cobb

2025 NY Slip Op 01803

Decided on March 26, 2025

Appellate Division, Second Department

Per Curiam.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on March 26, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

HECTOR D. LASALLE, P.J.
MARK C. DILLON
COLLEEN D. DUFFY
BETSY BARROS
VALERIE BRATHWAITE NELSON, JJ.

2024-02231

[*1]In the Matter of William Cobb, admitted as William Wyman Cobb, an attorney and counselor-at-law. (Attorney Registration No. 3925336)

The respondent was admitted to the Bar in the State of New York at a term of the Appellate Division of the Supreme Court in the Second Judicial Department on January 10, 2001, under the name William Wyman Cobb. By order to show cause dated April 4, 2024, this Court directed the respondent to show cause why an order should not be made and entered pursuant to 22 NYCRR 1240.13 imposing discipline upon him for the misconduct underlying the discipline imposed by an order of the Vermont Supreme Court filed October 13, 2022.

Courtny Osterling, White Plains, NY (Antonia Cipollone of counsel), for Grievance Committee for the Ninth Judicial District.

PER CURIAM.

OPINION & ORDER
By order of the Vermont Supreme Court filed October 13, 2022, the respondent was publically reprimanded and suspended from the practice of law for a period of one year and three months.
The Vermont Disciplinary Proceeding
Disciplinary Counsel in Vermont (hereinafter the Disciplinary Counsel) filed a petition against the respondent alleging five instances of misconduct relating to the respondent's handling of two separate matters. The Vermont Professional Responsibility Program panel members (hereinafter the Hearing Panel) conducted evidentiary hearings on October 15, 2021, and November 1, 2021.
The respondent has practiced law in Vermont since 2000, and his practice focuses on criminal defense, family law, and civil litigation. He was also a Probate Judge in Caledonia County. The Hearing Panel found that the respondent committed five separate violations of the Vermont Rules of Professional Conduct. The respondent was found to have violated rules 1.1 (failure to provide competent representation by failing to obtain or review records of alleged victim interviews), 1.3 (failure to provide diligent representation by failing to file a motion to modify conditions of release pursuant to a client's stated wishes), 1.6 (disclosure of confidential client information), 8.4(c) (misrepresentation to disciplinary counsel regarding the circumstances and substance of his timekeeping), and 8.4(d) (disclosure of confidential juvenile court information) of the Vermont Rules of Professional Conduct.
The respondent's misconduct involved two separate matters. In one matter, the respondent represented a client in a wrongful death claim. During the course of litigation, the respondent attached confidential juvenile court records as an exhibit to a motion for summary judgment. The respondent was aware of the confidential nature of the records but believed he could use them in the civil action. The respondent took no formal steps to seal the records or otherwise [*2]maintain the confidentiality of the records.
In another matter, the respondent represented a different client in a criminal matter and was found to have failed to provide competent and diligent representation. Pursuant to a fee arrangement, the respondent was paid fees totaling $8,000. The respondent failed to obtain or review recordings of witness statements, failed to negotiate with the Windsor County State's Attorney to seek a better plea deal, and failed to engage in discovery to prepare for trial. Further, the respondent failed to file a motion to modify the conditions of release despite the client's repeated requests, which caused the client to be deprived of seeing his children in person. The respondent was discharged by the client. When the respondent transferred the client's file to a newly retained attorney, the respondent disclosed confidential information about another client in an unrelated case, including that client's full name, the charges against that client, and certain admissions made by that client. The Hearing Panel found that the respondent had disclosed this confidential information in an attempt to remain on the legal team and continue earning fees.
During the course of the disciplinary investigation, the Disciplinary Counsel requested that the respondent substantiate $8,000 in fees that he had collected. The respondent produced a written response and misrepresented that the time entries therein were made contemporaneously with the work performed. However, as the investigation progressed, the respondent admitted that his time entries were not contemporaneous and that they were recreated to the best of his recollection in response to the Disciplinary Counsel's request. The Hearing Panel found that the respondent's time records had reported meetings that never had occurred and that the respondent had attempted to justify his fee by inflating certain charges.
The Hearing Panel considered a number of aggravating factors in determining the appropriate sanction. The Hearing Panel found that the respondent acted in a dishonest, deceptive, self-serving, and bad faith obstructionist manner in submitting inaccurate time-keeping records to the Disciplinary Counsel in an attempt to avoid disciplinary action. The Hearing Panel also found that the respondent's disclosure of confidential information was calculated to persuade the newly retained attorney of his former client to keep the respondent as part of the legal team and allow the respondent to continue earning fees in the case while doing minimal work. Additionally, the Hearing Panel found that the respondent's conduct included multiple offenses with multiple clients and noted the respondent's lack of acknowledgment of his misconduct and lack of remorse. Moreover, the Hearing Panel found that the respondent's misconduct concerned vulnerable clients who had serious criminal charges pending against them. The respondent also disclosed confidential juvenile records that contained sensitive information detailing the clients' abusive childhoods and caused those records to be included in publicly available documents. The Hearing Panel noted that the mishandling of juvenile court records is a violation of a Vermont statute; however, the respondent was not charged with a crime.
The Hearing Panel considered in mitigation the absence of a prior disciplinary record as a private attorney.
The Vermont Professional Responsibility Program issued a decision and order dated May 24, 2022, in which the respondent was publically reprimanded for violating rule 1.1 of the Vermont Rules of Professional Conduct, and suspended from the practice of law for one year and three months for violating rules 1.3, 1.6, and 8.4(c) and (d) of the Vermont Rules of Professional Conduct.
At the respondent's request, his suspension was stayed for 45 days by order dated May 26, 2022, thus making the effective date of his suspension July 10, 2022. On its own motion, the Vermont Supreme Court ordered a review of the Professional Responsibility Program's May 24, 2022 order. Thereafter, the Vermont Supreme Court issued an order on October 13, 2022, which adopted the Professional Responsibility Program's decision "in its entirety as a final order of this Court."
The respondent did not notify this Court or the Grievance Committee of the Vermont order of discipline, as required by 22 NYCRR 1240.13(d).
The New York Proceeding
By letter dated March 20, 2024, with annexed exhibits, the Grievance Committee for the Ninth Judicial District notified this Court that the respondent was disciplined by order of the Vermont Supreme Court filed October 13, 2022, upon findings that he engaged in misconduct.
By order to show cause dated April 4, 2024, this Court directed the respondent to show cause why an order should not be made and entered pursuant to 22 NYCRR 1240.13 imposing [*3]discipline upon him for the misconduct underlying the discipline imposed by the order of the Vermont Supreme Court filed October 13, 2022. Although the respondent was duly served with the order to show cause dated April 4, 2024, he has neither submitted a response thereto nor requested additional time to do so. Therefore, the respondent has waived his ability to assert any applicable defense under 22 NYCRR 1240.13(b) or otherwise put forth any mitigating evidence.
Findings and Conclusion
Accordingly, we find that the imposition of reciprocal discipline is warranted based on the findings of the Vermont Supreme Court.
Regarding the sanction, this Court has found that:
"[i]n reciprocal proceedings, we generally accord significant weight to the sanction imposed by the jurisdiction where the misconduct occurred because the foreign jurisdiction has the greatest interest in fashioning sanctions for misconduct perpetrated therein. Therefore, when the sanction prescribed by the foreign jurisdiction is not inconsistent with the sanction for similar misconduct in this jurisdiction, the Court should impose the same sanction.
"However, when the sanction in the [foreign jurisdiction] deviates substantially from this Court's precedent, we have departed from the general policy of deference and imposed a more severe penalty where warranted" (Matter of Megaro, 215 AD3d 67, 84 [citations and internal quotation marks omitted]).
Based on the misconduct underlying the discipline imposed by the order of the Vermont Supreme Court filed October 13, 2022, we conclude that the respondent should be suspended for a period of two years (see Matter of Krame, 222 AD3d 59).
LASALLE, P.J., DILLON, DUFFY, BARROS and BRATHWAITE NELSON, JJ., concur.
ORDERED that the respondent, William Cobb, admitted as William Wyman Cobb, is suspended from the practice of law for a period of two years, commencing April 25, 2025, and continuing until further order of this Court. The respondent shall not apply for reinstatement earlier than October 26, 2026. In such application (see 22 NYCRR 1240.16), the respondent shall furnish satisfactory proof that during the period of suspension he (1) refrained from practicing or attempting to practice law; (2) fully complied with this opinion and order and with the terms and provisions of the rules governing the conduct of disbarred or suspended attorneys (see id. § 1240.15); (3) complied with the applicable continuing legal education requirements of 22 NYCRR 691.11(a); and (4) otherwise properly conducted himself; and it is further,
ORDERED that the respondent, William Cobb, admitted as William Wyman Cobb, shall comply with the rules governing the conduct of disbarred or suspended attorneys (see id. 1240.15); and it is further,
ORDERED that pursuant to Judiciary Law § 90, during the period of suspension and until the further order of this Court, the respondent, William Cobb, admitted as William Wyman Cobb, shall desist and refrain from (1) practicing law in any form, either as principal or as agent, clerk, or employee of another; (2) appearing as an attorney or counselor-at-law before any court, Judge, Justice, board, commission, or other public authority; (3) giving to another an opinion as to the law or its application or any advice in relation thereto; and (4) holding himself out in any way as an attorney and counselor-at-law; and it is further,
ORDERED that if the respondent, William Cobb, admitted as William Wyman Cobb, has been issued a secure pass by the Office of Court Administration, it shall be returned forthwith to the issuing agency and the respondent shall certify to the same in his affidavit of compliance pursuant to 22 NYCRR 1240.15(f).
ENTER:
Darrell M. Joseph
Clerk of the Court